JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Shanita Williams

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANITA WILLIAMS, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1)  FAILURE TO PAY WAGES OWED;** |
| COMOTO HOLDINGS, INC., a Delaware corporation, | **(2)  WAITING TIME PENALTIES;** |
| Defendant. | **(3)  DISCRIMINATION (N.R.S. § 613.330);** |
| | **(4)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| | **(5)  RETALIATION (N.R.S. § 613.340);** |
| | **(6)  RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(7)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)).** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Shanita Williams ("Plaintiff" or "Ms. Williams ") alleges as follows:

**JURISDICTION AND VENUE**

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* and 42 U.S.C. § 12203 *et seq.*

3.      The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

5.      Ms. Williams began working for Comoto Holdings Inc. as a Fulfillment Team Member in March 2025. For over six months, she successfully performed ground-level packing duties without performance or attendance issues. On or about September 29, 2025, Ms. Williams was diagnosed with hypertension and requested reasonable accommodation. The employer denied her accommodation request and suggested she ask her doctor to falsify medical documentation. Just four days after requesting accommodation, Ms. Williams was terminated on the basis of her disability and her request for reasonable accommodation, even though the employer had granted similar accommodations to a similarly situated employee who remained employed.

**PARTIES**

6.      Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7.      Defendant Comoto Holdings Inc. ("Comoto") is a Delaware corporation that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

8.      Ms. Williams began working for Comoto as a Fulfillment Team Member in March 2025, performing warehouse packing duties.

9.      In September 2025, she was diagnosed with hypertension and fear of heights, both

-2-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

qualifying disabilities under the ADA.

10. On or about September 29, 2025, Ms. Williams requested reasonable accommodation to avoid working above five feet and provided medical documentation supporting her request. After Comoto requested additional information, Ms. Williams promptly obtained and submitted an updated doctor's letter on October 2, 2025 specifying a one-year accommodation period.

11. On or about October 3, 2025, Comoto summarily denied Ms. Williams's accommodation request without meaningful interactive process, refused her repeated requests for transfer to alternative positions or shifts, and terminated her employment explicitly due to her medical disabilities.

12. At the time of Ms. Williams's termination, Comoto had granted identical height-restriction accommodations to other employees, demonstrating the requested accommodation was both reasonable and available.

13. Despite promising immediate payment of final wages upon termination, Comoto failed to timely pay these wages. Comoto wrongfully terminated Ms. Williams in discrimination based on her disabilities and in retaliation for requesting reasonable accommodation.

14. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Williams has a disability, specifically hypertension (high blood pressure). Ms. Williams engaged in protected activity by requesting reasonable accommodation for her disability.

15. On March 4, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 5, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

16. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

17. *Reckless Indifference and Conscious Disregard*: Defendant Comoto Holdings Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

wrongful conduct perpetrated. Yet Defendant Comoto Holdings Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

18.   *Malice*: The conduct of Defendant Comoto Holdings Inc. was committed with malice, including that (a) Defendant Comoto Holdings Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Comoto Holdings Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

19.   *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Comoto Holdings Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

20.   *Fraud:* In addition, and/or alternatively, the conduct of Defendant Comoto Holdings Inc., as alleged, was fraudulent, including that Defendant Comoto Holdings Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

21.   Further, Defendant Comoto Holdings Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Comoto Holdings Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

**FIRST CLAIM FOR RELIEF**

**Failure to Pay Wages Owed**

**(Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)**

22.   The allegations set forth in preceding paragraphs are re-alleged and incorporated

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

herein by reference.

23.    Plaintiff was employed by Defendant Comoto Holdings Inc. and is entitled to the legal protections of the applicable state wage and hour laws.

24.    N.R.S. § 608.016 states that "An employer shall pay to the employee wages for each hour the employee works."

25.    Hours worked means anytime the employer exercises "control or custody" over an employee. See N.R.S. § 608.011 (defining an "employer" as "every person having control or custody of any employment, place of employment or any employee.").

26.    Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." N.A.C. 608.115(1).

27.    N.R.S. § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

28.    N.R.S. § 608.030 similarly provides that an employee who resigns or quits must be paid within seven days or on the next regular payroll date, whichever earlier occurs.

29.    Upon the termination of Plaintiff's employment, Defendant Comoto Holdings Inc. failed to pay Plaintiff all of her due and unpaid wages.

30.    Wherefore, Plaintiff demands that Defendant Comoto Holdings Inc. pays Plaintiff her unpaid wages for all hours worked during the relevant time period alleged herein together with interest, as provided by law.

31.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 608.140.

32.    The acts of Defendant Comoto Holdings Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an

award of punitive and exemplary damages in an amount sufficient to punish Defendant Comoto Holdings Inc., and to make an example of and deter Defendant Comoto Holdings Inc. from engaging in such conduct in the future.

### SECOND CLAIM FOR RELIEF

**Waiting Time Penalties**

**(Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)**

33.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

34.    Plaintiff was employed by Defendant Comoto Holdings Inc. as a non-exempt employee and is entitled to the legal protections of the applicable state wage and hour laws.

35.    N.R.S. § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

36.    N.R.S. § 608.030 similarly provides that an employee who resigns or quits must be paid within seven days or on the next regular payroll date, whichever earlier occurs.

37.    N.R.S. § 608.040(1) states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or…[o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

38.    N.R.S. § 608.050 grants a "lien" to every employee separated from employment for the purpose of collecting any wages or compensation due and owing, including up to thirty additional days of compensation "without rendering any service therefor."

39.    Here, by failing to compensate Plaintiff for all hours worked, Defendant Comoto Holdings Inc. failed to timely remit all wages due and owing to Plaintiff.

40.    Wherefore, Plaintiff demands thirty days of wages and an "employee lien" pursuant to N.R.S. § 608.040 and N.R.S. § 608.050, together with attorney's fees, costs, and interest as provided by law.

41.    Plaintiff also claims a private cause of action to foreclose a lien against Defendant Comoto Holdings Inc., if necessary, to collect wages due pursuant to N.R.S. § 608.050.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)**

42.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

43.    Plaintiff was employed by Defendant Comoto Holdings Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

44.    The acts and omissions of Defendant Comoto Holdings Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

45.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

46.    Plaintiff charges that Defendant Comoto Holdings Inc. discriminated against the Plaintiff based on her protected status or statuses.

47.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

48.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

49.    The acts of Defendant Comoto Holdings Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her

rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Comoto Holdings Inc., and to make an example of and deter Defendant Comoto Holdings Inc. from engaging in such conduct in the future.

### FOURTH CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)**

50.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

51.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

52.     Defendant Comoto Holdings Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

53.     Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

54.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

55.     Defendant Comoto Holdings Inc. took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

56.     The discriminatory acts of Defendant Comoto Holdings Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

57.     The discriminatory acts of Defendant Comoto Holdings Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish,

in an amount according to proof at trial.

58. The acts of Defendant Comoto Holdings Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Comoto Holdings Inc., and to make an example of and deter Defendant Comoto Holdings Inc. from engaging in such conduct in the future.

59. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)

60. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

61. Plaintiff was employed by Defendant Comoto Holdings Inc..

62. Plaintiff engaged in protected activity.

63. Defendant Comoto Holdings Inc. was aware of Plaintiff's protected activity.

64. After engaging in protected activity, Plaintiff suffered an adverse employment action.

65. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

66. The conduct of Defendant Comoto Holdings Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

67. The acts alleged herein were undertaken with the malice, with intent to injure

-9-

Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Comoto Holdings Inc., and to make an example of and deter Defendant Comoto Holdings Inc. from engaging in such conduct in the future.

68.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

### (Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)

69.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

70.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

71.    Plaintiff was an "employee" of Defendant Comoto Holdings Inc., as defined by 42 U.S.C. § 12111(4).

72.    Employers, such as Defendant Comoto Holdings Inc., are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the same the statute.

73.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

74.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Comoto Holdings Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

75.    The conduct of Defendant Comoto Holdings Inc. constitutes retaliation in violation

of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

76.    The conduct of Defendant Comoto Holdings Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

77.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Shanita Williams against Defendant Comoto Holdings Inc.)**

78.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

80.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

81.    Defendant Comoto Holdings Inc. employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

82.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

83.    Plaintiff requested reasonable accommodation for her disability.

84.    Defendant Comoto Holdings Inc. failed to provide reasonable accommodation for Plaintiff's disability.

85.    The failure of Defendant Comoto Holdings Inc. to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

86.    The acts of Defendant Comoto Holdings Inc. alleged herein have caused damage and

harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

87. The acts of Defendant Comoto Holdings Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Comoto Holdings Inc., and to make an example of and deter Defendant Comoto Holdings Inc. from engaging in such conduct in the future.

88. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

89. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-12-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Emotional distress damages;

3. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4. For an award of reasonable attorneys' fees and costs incurred in this action;

5. For pre-judgment and post-judgment interest, as provided by law; and

6. For other and further relief as the Court may deem just and proper.

DATED: March 17, 2026                    GREENBERG GROSS LLP


By:    */s/ Jemma E. Dunn*
       Jemma E. Dunn
       Matthew T. Hale
       Michael A. Burnette

       Attorneys for Plaintiff
       Shanita Williams

-13-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Shanita Williams hereby demands a jury trial.

DATED: March 17, 2026                    GREENBERG GROSS LLP


                                By:    */s/ Jemma E. Dunn*
                                       Jemma E. Dunn
                                       Matthew T. Hale
                                       Michael A. Burnette

                                       Attorneys for Plaintiff
                                       Shanita Williams

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL